1   **CLARKSON LAW FIRM, P.C.**
    Ryan J. Clarkson (SBN 257074)
2   rclarkson@clarksonlawfirm.com
    Shireen M. Clarkson (SBN 237882)
3   sclarkson@clarksonlawfirm.com
    Matthew T. Theriault (SBN 244037)
4   mtheriault@clarksonlawfirm.com
    Celine Cohan (SBN 282661)
5   ccohan@clarksonlawfirm.com
    9255 Sunset Blvd., Ste. 804
6   Los Angeles, CA 90069
    Tel: (213) 788-4050
7   Fax: (213) 788-4070

8   *Attorneys for Plaintiff Avonlea Ware*

9

10                   UNITED STATES DISTRICT COURT

11                   CENTRAL DISTRICT OF CALIFORNIA

12   AVONLEA WARE, individually and        Case No.
     on behalf of all others similarly
13   situated,                             **CLASS ACTION COMPLAINT**

14                        Plaintiff,       1.  VIOLATION OF CALIFORNIA
                                               CONSUMERS LEGAL REMEDIES
15           vs.                               ACT, CIVIL CODE SECTION
                                               1750, *et seq.*
16   GALDERMA LABORATORIES LP, a
     Texas Limited Partnership,            2.  VIOLATION OF CALIFORNIA
17                                             FALSE ADVERTISING LAW,
                         Defendant.            BUSINESS & PROFESSIONS
18                                             CODE SECTION 17500, *et seq.*

19                                         3.  VIOLATION OF CALIFORNIA
                                               UNFAIR COMPETITION LAW,
20                                             BUSINESS & PROFESSIONS
                                               CODE SECTION 17200, *et seq.*
21
                                           4.  BREACH OF EXPRESS
22                                             WARRANTY

23                                         5.  UNJUST ENRICHMENT

24
                                           **DEMAND FOR JURY TRIAL**
25

26           Plaintiff Avonlea Ware ("Ware" or "Plaintiff"), individually and on behalf of

27   all others similarly situated, brings this class action complaint against Galderma

28   Laboratories LP ("Galderma" or "Defendant") and alleges as follows:

---

CLASS ACTION COMPLAINT

## SUMMARY OF THE ACTION

1.     Under the brand name Cetaphil®, Defendant sells purportedly "gentle" skin cleansers to consumers with "sensitive skin." In actuality, Defendant is exposing consumers to harmful chemical irritants, leaving users to suffer from burning, redness, and irritation. Scores of consumers have complained about Defendant's false and deceptive representations to no avail. Rather than simply correct the problem by changing the product labels and/or formulation, Defendant has prioritized its profits over people.

2.     This class action lawsuit is on behalf of all purchasers of Cetaphil Gentle Skin Cleanser and Cleansing Cloths (collectively, the "Products"), sold at retail outlets throughout California and the United States. A true and correct representation of the Products' packaging is set forth below.

 

CLASS ACTION COMPLAINT

3.    The Products cannot deliver the advertised promises because they are formulated with chemical irritants including Sodium Lauryl Sulfate and Parabens.

## PARTIES

4.    Plaintiff is, and at all times relevant hereto was, a citizen of California residing in the county of Los Angeles. Plaintiff purchased the Products in Los Angeles, California in 2018. In making her purchase, Plaintiff relied upon Defendant's labeling, marketing, and advertising claims, including the "mild," "gentle," "non-irritating formula," and "formulated for sensitive skin" claims listed on the front of the packaging. These claims were prepared and approved by Defendant and its agents and disseminated statewide and nationwide, as well as designed to encourage consumers to purchase the Products. If Plaintiff had known that the Products contained chemical irritants, she would not have purchased the Products.

5.    If the Products functioned as advertised, Plaintiff would purchase the Products in the future. Since Plaintiff would like to purchase the Products again and achieve the advertised benefits, she might purchase them again in the future—despite the fact that they were once marred by false advertising or labeling—as she may reasonably, but incorrectly, assume the Products were improved. In that regard, Plaintiff is an average consumer who is not sophisticated in the chemistry or formulations of skin cleansers, so she is at risk of reasonably, but incorrectly, assuming that Defendant fixed the formulation of the Products such that she might buy them again believing they were improved.

6.    Galderma is a limited partnership headquartered in Fort Worth, Texas. Galderma maintains its principal business office at 14501 N Fwy, Fort Worth, TX 76177. Galderma directly and through its agents has substantial contacts with and receives substantial benefits and income from and through the State of California. Galderma is the one of the owners, manufacturers, and distributors of the Products,

CLARKSON LAW FIRM, P.C.
9255 Sunset Blvd., Suite 804
Los Angeles, CA 90069

and is one of the companies that created and/or authorized the false, misleading, and deceptive packaging for the Products.

## JURISDICTION AND VENUE

7.      This Court has subject matter jurisdiction of this action pursuant to 28 U.S.C. Section 1332 of the Class Action Fairness Act of 2005 because: (i) there are 100 or more class members, (ii) there is an aggregate amount in controversy exceeding $5,000,000, exclusive of interest and costs, and (iii) there is minimal diversity because at least one Plaintiff and Defendant are citizens of different states. This Court has supplemental jurisdiction over any state law claims pursuant to 28 U.S.C. Section 1367.

8.      Pursuant to 28 U.S.C. Section 1391, this Court is the proper venue for this action because a substantial part of the events, omissions, and acts giving rise to the claims herein occurred in this District: Plaintiff is a citizen of California who resides in this District; Defendant made the challenged false representations to Plaintiff in this District; Plaintiff purchased the Product in this District; and Plaintiff used the Product within this District. Moreover, Defendant receives substantial compensation from sales in this District, and Defendant made numerous misrepresentations which had a substantial effect in this District involving its labeling and advertising representations.

9.      Defendant is subject to personal jurisdiction in California based upon sufficient minimum contacts which exist between Defendant and California. Defendant is authorized to do and is doing business in California.

## FACTUAL ALLEGATIONS

10.      Standard chemical cleansing agents and preservatives have been shown to have adverse health effects including skin irritation, redness, acne, drying, burning, and endocrine disruption. In recent years, consumers have become increasingly wary of using cosmetic products which contain chemical irritants.

CLASS ACTION COMPLAINT

11.    As a result, many cosmetic products are now formulated without chemical cleansing agents or standard preservatives. These products are labeled as "gentle," "mild," and "safe for sensitive skin" to indicate that they are formulated without harsh cleansing agents and standard preservatives.

12.    Defendant consistently represents the Products as "mild," "gentle," and "formulated for sensitive skin."

13.    False and misleading statements on the Products' packaging and labeling include:

a.  "Gentle"

b.  "Mild"

c.  "Non-Irritating Formula"

d.  "Formulated for Sensitive Skin"

e.  "Ultra Soft and Gentle"

f.  "For even the most sensitive skin"

14.    False and misleading statements on Defendant's website include:

a.  Ideal for dry, sensitive skin"

b.  "It won't irritate skin or clog pores"

15.    False and misleading statements on Defendant's internet advertisements include:

c.  "The gentle way to remove your day"

d.  "Gently cleanse your skin"

e.  "Dermatologist recommended for sensitive skin"

16.    The net impression of Defendant's labeling and advertising is that the Products are cleansers or cleansing cloths which are gentle, safe for sensitive skin, and free from chemical irritants. In actuality and unbeknownst to consumers, the Products are formulated with chemical irritants.

CLARKSON LAW FIRM, P.C.
9255 Sunset Blvd., Suite 804
Los Angeles, CA 90069

17.     Disappointed customers have voiced numerous complaints about Defendant's deceptive and misleading marketing. Many consumers complain that the Products are irritating and inflammatory to sensitive skin.

18.     Below is a sample selection out of hundreds or more of consumer complaints regarding Cetaphil Gentle Skin Cleanser's failure to deliver its advertised benefits:[1]

f.   **"NEVER AGAIN.  THIS IS NOT GOOD FOR MY SENSITIVE SKIN** AT ALL IT **MADE MY SKIN BREAK OUT** AFTER 1 DAY OF USING IT AND IT DID NOT CLEANSE AT ALL. IT MADE MY SKIN DRIER AND DID NOT HELP MY ACNE. WOULD NOT RECOMMEND."

g.   "**I would never buy this product again** [. . .]  at first I saw no issues 2 weeks later this product literally **BURNS MY SKIN**. I had pretty clear skin and was just trying to develop a skincare routine and now I have to go to the dermatologist to fix the damage this product has caused me."

h.   **"Made me break out.** I was recommended this product by my dermatologist who suggested I use this with a generic facial moisturizer. **DO NOT use this product** if you are looking for something to cleanse your skin, and clear up acne. The alcohols this product contains make it **very drying and irritating, especially to sensitive skin**. It also contains sulfates which clog pores. This product made my skin dry out, **increased redness/irritation and made me break out** even more. This is not a good cleanser by any means - I am not sure how it has so many good ratings. If you have problem skin you should look for something

---

[1] "Cetaphil Gentle Skin Cleanser Reviews," Ulta.com, https://www.ulta.com/gentle-skin-cleanser?productId=6096 (last visited 4/6/20).

CLARKSON LAW FIRM, P.C.
9255 Sunset Blvd., Suite 804
Los Angeles, CA 90069

CLARKSON LAW FIRM, P.C.
9255 Sunset Blvd., Suite 804
Los Angeles, CA 90069

HYDRATING that cleanses, but doesn't strip your face of its natural oils (Krave Beauty has a nice cleanser that does just that)."

i. "**NOT for sensitive/acne-prone skin. Please please please don't use this** if you have sensitive/acne-prone. I have sensitive/acne prone/oily skin and it did an okay job at keeping oils at bay BUT this stuff smell likes strong Johnson's Baby's Shampoo and **it BURNED my face instantly**. I used it for a month to see if the burning would stop but it ended up causing **painful cyclic type acne** (which I don't get normally).

j. **"Ingredients??** How is this a #1 dermatologist [r]ecommended when it includes parabens AND propylene glycol? Nope."

k. **"False advertising. Somebody should sue the companies** that claim to be non comedogenic. SULFATES CLOG PORE[S] AND CAUSE BREAKOUTS. Check the ingredients for yourself."

l. **"HORRIBLE**. I wish I could give this zero stars. I tried this out if recommendation for sensitive skin. My skin looks horrible, I have never had breakouts like this in my life and they are painful. Do yourself a favor and do not use this face wash. It is not what it claims to be and it will not clean your face."

m. **"NOT for sensitive skin**. This gentle cleanser is not so gentle. I've used countless cleansers on my face, even ones that are way harder than this. None of them burned my face the way this one did. After two uses (one at night and once in the morning) if felt like I had gotten wind burned on my face. When you advertise as a gentle cleanser you should really be testing it out of individuals with sensitive skin."

n. **"DO NOT BUY THIS! DO YOUR RESEARCH OF INGREDIENTS** [ . . . ] I have breakouts ALL over my face and before I started skincare, I only ever had problem areas on my chin. My texture

CLASS ACTION COMPLAINT

has gotten so bad and I have tiny red bumps all over my forehead and under my nose. I have recently researched the ingredients in this cleanser, and **if you look on ANY list of things to avoid in a facial cleanser, the TOP 3 are: Sodium Lauryl Sulfate, Parabens, and Alcohols. WHICH IS LITERALLY THE INGREDIENT LIST OF THIS CLEANSER!!! I am very disappointed in this product and especially the fact that it is advertised as a 'gentle skin cleanser.'** Now, it will be an even longer process to get my skin looking good."

o.  "**Harmful ingredients!** I'm not sure why this cleanser is so highly recommended. There's absolutely nothing beneficial in this cleanser. It gave me the most textured skin I've ever experienced. I had **clogged pores and bumps all over my face** . . . Please do research on ingredients before putting it on your skin."

p.  "**DO NOT BUY!!!**" I tried this and it burned my skin and was super irritating. Looked like I got a sunburn but worse!!!"

q.  "**Terrible for sensitive, acne-prone skin.** I have sensitive, acne-prone skin (mostly hormonal) and this cleanser is awful for my skin type! It completely stripped my skin, leaving it severely dry after use—so much so that even thick moisturizers wouldn't help. The drying caused my face to breakout in areas that just wouldn't heal. I finally figured out it was the cleanser aggravating my skin and not my other products or hormones acting up. I stopped using this a few weeks ago and my skin has finally calmed back down. **This has SODIUM LAURYL SULFATE in the top 3 ingredients----MAJOR NO NO if you have issues with acne/dry skin. Horrible product.**"

r.  "**Terrible.** Turned my face into a nestle crunch bar."

CLARKSON LAW FIRM, P.C.
9255 Sunset Blvd., Suite 804
Los Angeles, CA 90069

CLARKSON LAW FIRM, P.C.
9255 Sunset Blvd., Suite 804
Los Angeles, CA 90069

19.    Despite their labeling and advertising, the Products contain known chemical skin irritants, including Sodium Lauryl Sulfate and Parabens.

20.    The scientific community recognizes Sodium Lauryl Sulfate as a known skin allergen and irritant. Sodium Lauryl Sulfate is used as the control "skin irritant" when testing human skin responses to common allergens. Koppes et al., *Stratum corneum profiles of inflammatory mediators in patch test reactions to common contact allergens and sodium lauryl sulfate,* BR J. DERMATOL., https://www.ncbi.nlm.nih.gov/pubmed/28382616 (Apr. 6, 2017) Vol. 176, Issue 6 at 1553-1540. Last visited 4/6/20.

21.    In fact, one study which used Sodium Lauryl Sulfate as the "standard irritant" found that 41.8% of the 1600 tested patients had an irritant reaction. The study further found that Sodium Lauryl Sulfate is a "marker for hyperreactive skin." Geier et al., *Patch Testing with the Irritant Sodium Lauryl Sulfate (SLS) is Useful in Interpreting Weak Reactions to Contact Allergens as Allergic or Irritant,* CONTACT DERMATITIS, https://www.ncbi.nlm.nih.gov/pubmed/12694214 (Feb. 2003) Vol. 48, Issue 2 at 99-107. Last visited 4/6/20.

22.    Sodium Lauryl Sulfate has also been used to test the efficacy of protective agents due to its status as a "well-known irritant." Horita et al., *Effects of different base agents on prediction of skin irritation by sodium lauryl sulfate using patch testing and repeated application test,* TOXICOLOGY, https://www.ncbi.nlm.nih.gov/pubmed/28274658 (Mar. 6, 2017). Last visited 4/6/20.

23.    Another study used Sodium Lauryl Sulfate (SLS) to induce irritant contact dermatitis to evaluate whether vitamin E could heal the skin barrier damage caused by SLS. Casari et al., *In vivo assessment of cytological changes by means of reflectance confocal microscopy - demonstration of the effect of topical vitamin E on skin irritation caused by sodium lauryl sulfate.* CONTACT DERMATITIS

https://www.ncbi.nlm.nih.gov/pubmed/27418013 (Jul. 15, 2016) Vol. 76, Issue 3 at 131-137. Last visited 4/6/20.

24.     The American Academy of Dermatology, in its recommendation to those with sensitive skin conditions such as rosacea, directs consumers to stop using products containing Sodium Lauryl Sulfate: "If you'll use a product around your face, it's best to avoid ones that contain sodium lauryl sulfate." *How to Prevent Rosacea Flare-Ups*, AMERICAN ACADEMY OF DERMATOLOGY, https://www.aad.org/rosacea-prevent-triggers. Last visited 4/6/2020.

25.     Parabens are known skin irritants for those with sensitive skin. *Safety Assessment of propyl paraben: a review of the published literature*, FOOD CHEM TOXICOL. Vol. 39, Issue 6, https://www.ncbi.nlm.nih.gov/pubmed/11346481. Last visited 4/6/2020.

26.     Parabens have been studied in numerous cases of contact sensitivity and/or dermatitis reactions associated with skin exposure. *Id.; Evaluation of the health aspects of methyl paraben: a review of the published literature,* FOOD CHEM TOXICOL. (Oct. 2002) Vol. 40, Issue 10, https://www.ncbi.nlm.nih.gov/pubmed/12387298. Last visited 3/9/2020. Although parabens are generally less irritating for "normal" skin, they have been repeatedly shown to irritate sensitive skin: they have been reported to cause contact dermatitis in some individuals, and "have been implicated in numerous cases of contact sensitivity associated with cutaneous [skin] exposure." *Id.*

27.     Recent literature has condemned parabens for their negative health effects, including endocrine disruption and skin irritation. Stoiber, Tasha, *What Are Parabens, and Why Don't They Belong in Cosmetics,* EWG.ORG. (Apr. 9, 2019) https://www.ewg.org/californiacosmetics/ parabens. Last visited 4/6/20. Parabens can act like the hormone estrogen in the body and disrupt the normal function of hormone systems affecting male and female reproductive system functioning,

reproductive development, fertility and birth outcomes. *Id.* Additionally, the skin can become sensitized to products containing parabens, which results in irritation. *Id.*

28.     For the foregoing reasons, the European Union, Association of Southeast Asian Nations, and Japan have restricted the use of propyl- and butylparaben (both found in Defendant's Products). *Id.*

29.     Sodium Lauryl Sulfate, and Parabens are not "mild," "gentle," or for "sensitive skin."

30.     Due to the foregoing concerns, consumers reasonably expect products marked as "gentle," "non-irritating," and "formulated for sensitive skin" to be formulated without chemical irritants like Sodium Lauryl Sulfate or Parabens.

31.     Plaintiff and other consumers of the Product made their purchasing decisions in reliance upon Defendant's advertised claims that the Products were gentle, non-irritating, and formulated for sensitive skin.

32.     Plaintiff purchased the Products from a drug store in Los Angeles, California in 2018.  Plaintiff paid approximately $10.00 for the Cetaphil Gentle Skin Cleanser and $6.00 for the Cetaphil Gentle Skin Cleansing Cloths.

33.     Plaintiff reasonably and detrimentally relied upon the Products' front labels indicating that the Products were gentle, non-irritating, and formulated for sensitive skin.

34.     Plaintiff would not have purchased the Products had she known the Products could not deliver the benefits as promised.

35.     Defendant's conduct threatens California consumers by using intentionally deceptive and misleading labels. Defendant's conduct also threatens other companies, large and small, who "play by the rules." Defendant's conduct stifles competition and has a negative impact on the marketplace and reduces consumer choice.

CLARKSON LAW FIRM, P.C.
9255 Sunset Blvd., Suite 804
Los Angeles, CA 90069

36.    There is no practical reason for the false or misleading labeling and advertising of the Products, other than to mislead consumers as to the formulation of the ingredients of the Products being purchased by consumers while simultaneously providing Defendant with a financial windfall as a result of money saved from lower supply costs.

37.    Plaintiff makes the allegations herein upon personal knowledge as to herself and her own acts and experiences, and as to all other matters, upon information and belief, including investigation conducted by her attorneys.

## CLASS ALLEGATIONS

38.    Plaintiff brings this action on her own behalf and on behalf of all other persons similarly situated. Plaintiff seeks to represent a Class consisting of "All persons who purchased the Products in the State of California for personal use and not for resale during the time period beginning four years prior to the date of filing of this complaint, through the present. Excluded from the Class are Defendant's officers, directors, and employees, and any individual who received remuneration from Defendant in connection with that individual's use or endorsement of the Products" (the "Class Period").

39.    The Class is so numerous that their individual joinder herein is impracticable. On information and belief, the Class numbers in the hundreds of thousands or more throughout the United States and California. The Class is sufficiently numerous because hundreds of thousands of units of the Products have been sold in California during the time period beginning four years prior to the date of filing of this complaint through the present.

40.    There is a well-defined community of interest in the questions of law and fact involved affecting the parties to be represented. The questions of law and fact common to the Class predominate over questions which may affect individual

CLARKSON LAW FIRM, P.C.
9255 Sunset Blvd., Suite 804
Los Angeles, CA 90069

Class members.  Common questions of law and fact include, but are not limited to, the following:

a.    Whether Defendant's conduct constitutes an unfair method of competition, or unfair or deceptive act or practice, in violation of Civil Code section 1750, *et seq.*;

b.    Whether Defendant used deceptive representations in connection with the sale of the Product in violation of Civil Code section 1750, *et seq.*;

c.    Whether Defendant represented the Product has characteristics or quantities that it does not have in violation of Civil Code section 1750, *et seq.*;

d.    Whether Defendant advertised the Product with intent not to sell it as advertised in violation of Civil Code section 1750, *et seq.*;

e.    Whether Defendant's labeling and advertising of the Product is untrue or misleading in violation of Business and Professions Code section 17500, *et seq.*;

f.    Whether Defendant knew or by the exercise of reasonable care should have known its labeling and advertising was and is untrue or misleading in violation of Business and Professions Code section 17500, *et seq.*;

g.    Whether Defendant's conduct is an unfair business practice within the meaning of Business and Professions Code section 17200, *et seq.*;

h.    Whether Defendant's conduct is a fraudulent business practice within the meaning of Business and Professions Code section 17200, *et seq.*;

i.    Whether Defendant's conduct is an unlawful business practice within the meaning of Business and Professions Code section 17200, *et seq.*;

j.    Whether Plaintiff and the Class paid more money for the Product than they actually received; and

k.    How much money Plaintiff and the Class paid for the Product than they actually received.

41.     Plaintiff's claims are typical of the claims of the Class, and Plaintiff will fairly and adequately represent and protect the interests of the Class. Plaintiff has retained competent and experienced counsel in class action and other complex litigation.

42.     Plaintiff and the Class have suffered injury in fact and have lost money as a result of Defendant's false representations. Plaintiff purchased units of the Products under the false belief that the Products were gentle, formulated for sensitive skin, and did not contain chemical irritants. Plaintiff relied upon Defendant's packaging and would not have purchased the Products if she had known that the Products contained chemical irritants and therefore could not deliver their promised benefits.

43.     A class action is superior to other available methods for fair and efficient adjudication of this controversy. The expense and burden of individual litigation would make it impracticable or impossible for the Class to prosecute their claims individually.

44.     The trial and litigation of Plaintiff's claims are manageable. Individual litigation of the legal and factual issues raised by Defendant's conduct would increase delay and expense to all parties and the court system. The class action device presents far fewer management difficulties and provides the benefits of a single, uniform adjudication, economies of scale, and comprehensive supervision by a single court.

45.     Defendant has acted on grounds generally applicable to the entire Class, thereby making final injunctive relief and/or corresponding declaratory relief appropriate with respect to the Class as a whole. The prosecution of separate actions by individual Class members would create the risk of inconsistent or varying adjudications with respect to individual Class members that would establish incompatible standards of conduct for Defendant.

CLARKSON LAW FIRM, P.C.
9255 Sunset Blvd., Suite 804
Los Angeles, CA 90069

CLASS ACTION COMPLAINT

46.     Absent a class action, Defendant will likely retain the benefits of its wrongdoing.  Because of the small size of the individual Class members' claims, few, if any, Class members could afford to seek legal redress for the wrongs complained of herein.  Absent a representative action, the Class will continue to suffer losses and Defendant will be allowed to continue these violations of law and to retain the proceeds of its ill-gotten gains.

**COUNT ONE**

**Violation of California Consumers Legal Remedies Act,**

**California Civil Code Section 1750, *et seq.***

47.     Plaintiff repeats and realleges all allegations of the previous paragraphs, and incorporates the same as if set forth herein at length.

48.     Plaintiff brings this cause of action pursuant to Civil Code section 1750, *et seq.*, the Consumers Legal Remedies Act ("CLRA"), on her own behalf and on behalf of all other persons similarly situated. Plaintiff seeks to represent a Class consisting of "All persons who purchased the Products in the State of California for personal use and not for resale during the time period beginning four years prior to the date of filing of this complaint, through the present. Excluded from the Class are Defendants' officers, directors, and employees, and any individual who received remuneration from Defendants in connection with that individual's use or endorsement of the Products."

49.     The Class consists of thousands of persons, the joinder of whom is impracticable.

50.     There are questions of law and fact common to the Class, which questions are substantially similar and predominate over questions affecting the individual Class members, including but not limited to those questions listed in Paragraph 39, above.

Clarkson Law Firm, P.C.
9255 Sunset Blvd., Suite 804
Los Angeles, CA 90069

51.   The CLRA prohibits certain "unfair methods of competition and unfair or deceptive acts or practices" in connection with a sale of goods.

52.   The practices described herein, specifically Defendant's packaging, advertising, and sale of the Products, were intended to result and did result in the sale of the Products to the consuming public and violated and continue to violate the CLRA by (1) using deceptive representations in connection with the Products; and (2) advertising and packaging the Products with intent not to sell them as advertised.

53.   Defendant fraudulently deceived Plaintiff and the Class by misrepresenting the Products as having characteristics which they do not have, e.g., advertising the Products as gentle and formulated for sensitive skin when in actuality they contain chemical irritants. In doing so, Defendant intentionally misrepresented and concealed material facts from Plaintiff and the Class.  Said misrepresentations and concealment were done with the intention of deceiving Plaintiff and the Class and depriving them of their legal rights and money.

54.   Defendant fraudulently deceived Plaintiff and the Class by labeling and advertising the Products with intent not to sell as advertised.  Specifically, Defendant intentionally labeled and misrepresented the Products as gentle and formulated for sensitive skin, despite the fact that the Products could not perform as advertised due to their chemical irritants.  In doing so, Defendant intentionally misrepresented and concealed material facts from Plaintiff and the Class. Said misrepresentations and concealment were done with the intention of deceiving Plaintiff and the Class and depriving them of their legal rights and money.

55.   Defendant knew or should have known, through the exercise of reasonable care, that the Products' labeling and advertising were misleading.

CLARKSON LAW FIRM, P.C.
9255 Sunset Blvd., Suite 804
Los Angeles, CA 90069

56.      Defendant's actions as described herein were done with conscious disregard of Plaintiff's rights, and Defendant was wanton and malicious in its concealment of the same.

57.      Defendant's labeling and advertising of the Products was a material factor in Plaintiff's and the Class's decisions to purchase the Products. Based on Defendant's labeling and advertising of the Products, Plaintiff and the Class reasonably believed that they were purchasing products that were gentle and safe for sensitive skin. Had they known the truth of the matter, Plaintiff and the Class would not have purchased the Product.

58.      Plaintiff and the Class have suffered injury in fact and have lost money as a result of Defendant's unfair, unlawful, and fraudulent conduct. Specifically, Plaintiff paid for sensitive skin products that were different from what she was reasonably expecting to receive when she decided to make her purchase. Plaintiff would not have purchased the Products had she known the Products contained chemical irritants.

59.      Defendant's false and misleading labeling and advertising should be enjoined due to its false, misleading, and/or deceptive nature. In addition, Defendant should be compelled to provide restitution and damages to consumers who paid for a product they never received due to Defendant's misleading label and advertising.

60.      By letter dated January 9, 2020, Plaintiff advised Defendant of its false and misleading claims pursuant to California Civil Code Section 1782(a).

## COUNT TWO

### Violation of California False Advertising Law,

### Business & Professions Code Section 17500, *et seq*.

61.      Plaintiff repeats and realleges the allegations set forth in the preceding paragraphs and incorporates the same as if set forth herein at length.

17

CLASS ACTION COMPLAINT

CLARKSON LAW FIRM, P.C.
9255 Sunset Blvd., Suite 804
Los Angeles, CA 90069

62.     Plaintiff brings this cause of action pursuant to Business and Professions Code section 17500, *et seq.*, on her own behalf and on behalf of all other persons similarly situated. Plaintiff seeks to represent a Class consisting of "All persons who purchased the Products in the State of California for personal use and not for resale during the time period beginning four years prior to the date of filing of this complaint, through the present. Excluded from the Class are Defendants' officers, directors, and employees, and any individual who received remuneration from Defendants in connection with that individual's use or endorsement of the Products."

63.     California's False Advertising Law, California Business and Professions Code section 17500, *et seq.*, makes it "unlawful for any person to make or disseminate or cause to be made or disseminated before the public in this state, in any advertising device or in any other manner or means whatever, including over the Internet, any statement, concerning personal property or services, professional or otherwise, or performance or disposition thereof, which is untrue or misleading and which is known, or which by the exercise of reasonable care should be known, to be untrue or misleading."

64.     Defendant knowingly disseminated misleading claims regarding the Products as a means to mislead the public about the type of ingredients in the Products.

65.     Defendant controlled the labeling, packaging, production and advertising of the Products. It knew or should have known, through the exercise of reasonable care that its representations about the ingredients of the Products were untrue, deceptive and misleading.

66.     Defendant's action of displaying misleading claims about the ingredients of the Products in prominent type face on each front label is likely to deceive the general public.

CLASS ACTION COMPLAINT

CLARKSON LAW FIRM, P.C.
9255 Sunset Blvd., Suite 804
Los Angeles, CA 90069

67.    Defendant's actions in violation of Section 17500 were false and misleading such that the general public is and was likely to be deceived.

68.    Pursuant to Business and Professions Code section 17535, Plaintiff and the Class seek an order of this Court enjoining Defendant from continuing to engage, use, or employ its practice of falsely advertising the Products as gentle and formulated for sensitive skin.  Likewise, Plaintiff and the Class seek an order requiring Defendant to disclose such misrepresentations, and additionally request an order awarding Plaintiff and the Class restitution of the money wrongfully acquired by Defendant by means of responsibility attached to Defendant's failure to disclose the existence and significance of said misrepresentations in an amount to be determined at trial.

69.    Plaintiff and the Class have suffered injury in fact and have lost money as a result of Defendant's false representations. Plaintiff purchased the Products in reliance upon the claims by Defendant that the Products are gentle and formulated for sensitive skin as represented by Defendant's labeling and advertising. Plaintiff would not have purchased the Products if she had known that the claims and advertising as described herein were false and misleading.

## COUNT THREE

### Violation of California Unfair Competition Law,
### Business & Professions Code Section 17200, *et seq.*

70.    Plaintiff repeats and realleges the allegations set forth above and incorporates the same as if set forth herein at length.

71.    This cause of action is brought pursuant to Business and Professions Code Section 17200, *et seq.*, on behalf of Plaintiff and a Class consisting of "All persons residing in the State of California who purchased the Products for personal use and not for resale during the time period of four years prior to the filing of the complaint through the present. Excluded from the Class are Defendants' officers,

CLARKSON LAW FIRM, P.C.
9255 Sunset Blvd., Suite 804
Los Angeles, CA 90069

CLASS ACTION COMPLAINT

CLARKSON LAW FIRM, P.C.
9255 Sunset Blvd., Suite 804
Los Angeles, CA 90069

directors, and employees, and any individual who received remuneration from Defendants in connection with that individual's use or endorsement of the Products."

**A.    "Unfair" Prong**

72.    Under California's False Advertising Law, Cal. Bus. & Prof. Code Section 17200, *et seq*., a challenged activity is "unfair" when "any injury it causes outweighs any benefits provided to consumers and the injury is one that the consumers themselves could not reasonably avoid." *Camacho v. Auto Club of Southern California,* 142 Cal. App. 4th 1394, 1403 (2006).

73.    Defendant's false and deceptive advertising as alleged herein does not confer any benefit to consumers.

74.    Defendant's false and deceptive advertising as alleged herein causes injuries to consumers, who do not receive a product consistent with their reasonable expectations.

75.    Defendant's false and deceptive advertising as alleged herein causes injuries to consumers, who end up overpaying for the Products that are not as advertised.

76.    Consumers cannot avoid any of the injuries caused by Defendant's false and deceptive advertising.

77.    The injuries caused by Defendant's false and deceptive advertising outweighs any benefits.

78.    Defendant's advertising of the Products, as alleged in the preceding paragraphs, is false, deceptive, misleading, and unreasonable and constitutes an unfair business practice within the meaning of California Business and Professions Code Section 17200.

79.    Defendant could have furthered its legitimate business interests in ways other than by advertising the Products unfairly.

CLASS ACTION COMPLAINT

80.     All of the conduct alleged herein occurs and continues to occur in Defendant's business. Defendant's wrongful conduct is part of a pattern or generalized course of conduct repeated on approximately thousands of occasions daily.

81.     Pursuant to Business and Professions Code Sections 17203, Plaintiff and the Class seek an order of this Court enjoining Defendant from continuing to engage, use, or employ its unfair business practices.

82.     Plaintiff and the Class have suffered injury-in-fact and have lost money as a result of Defendant's unfair conduct. Plaintiff paid an unwarranted premium for these products. Specifically, Plaintiff paid for a product that was "gentle," "mild," and "formulated for sensitive skin." Plaintiff and the Class would not have purchased the Products, or would have paid significantly less for the Products, if they had known that none of these advertising claims were true.

**B.    "Fraudulent" Prong**

83.     California Business and Professions Code Section 17200, et seq., prohibits fraudulent conduct, defined as conduct that is likely to deceive members of the public. A business practice is "fraudulent" if it actually deceives members of the consuming public.

84.     Defendant's false and deceptive advertising as alleged herein is likely to deceive the members of the public.

85.     Defendant's advertising of the Products, as alleged in the preceding paragraphs, is false, deceptive, misleading, and unreasonable and constitutes a fraudulent business practice in violation of California Business & Professions Code Section 17200.

86.     Defendant knew or should have known of its fraudulent conduct.

87.     Defendant could have furthered its legitimate business interests in ways other than by advertising the Products fraudulently.

CLASS ACTION COMPLAINT

CLARKSON LAW FIRM, P.C.
9255 Sunset Blvd., Suite 804
Los Angeles, CA 90069

CLARKSON LAW FIRM, P.C.
9255 Sunset Blvd., Suite 804
Los Angeles, CA 90069

88.     All of the conduct alleged herein occurs and continues to occur in Defendant's business. Defendant's wrongful conduct is part of a pattern or generalized course of conduct repeated on approximately thousands of occasions daily.

89.     Pursuant to Business and Professions Code Sections 17203, Plaintiff and the Class seek an order of this Court enjoining Defendant from continuing to engage, use, or employ its fraudulent business practices.

90.     Plaintiff and the Class have suffered injury-in-fact and have lost money as a result of Defendant's fraudulent conduct. Plaintiff paid an unwarranted premium for these Products. Specifically, Plaintiff paid for a product that was "gentle," "mild," and "formulated for sensitive skin." Plaintiff and the Class would not have purchased the Products, or would have paid significantly less for the Products, if they had known that none of these advertising claims were true.

## C.    "Unlawful" Prong

91.     California Business and Professions Code Section 17200, et seq., identifies violations of any state or federal law as "unlawful practices that the unfair competition law makes independently actionable." *Velazquez v. GMAC Mortg. Corp.*, 605 F. Supp. 2d 1049, 1068 (C.D. Cal. 2008).

92.     Defendant's advertising of the Products, as alleged in the preceding paragraphs, violates California Civil Code Section 1750, *et. seq.,* and California Business and Professions Code Section 17500, *et. seq.*

93.     Defendant's advertising of the Products, as alleged in the preceding paragraphs, is false, deceptive, misleading, and unreasonable and constitutes unlawful conduct.

94.     Defendant knew or should have known of its unlawful conduct.

95.     As alleged in the preceding paragraphs, the misrepresentations by Defendant detailed above constitute an unlawful business practice within the meaning of California Business and Professions Code section 17200.

96.     Defendant could have furthered its legitimate business interests in ways other than by advertising the Products unlawfully.

97.     All of the conduct alleged herein occurs and continues to occur in Defendant's business. Defendant's unlawful conduct is part of a pattern or generalized course of conduct repeated on approximately thousands of occasions daily.

98.     Pursuant to Business and Professions Code Sections 17203, Plaintiff and the Class seek an order of this Court enjoining Defendant from continuing to engage, use, or employ its unlawful business practices.

99.     Plaintiff and the Class have suffered injury-in-fact and have lost money as a result of Defendant's unlawful conduct. Plaintiff paid an unwarranted premium for these products. Specifically, Plaintiff paid for a product that was "gentle," "mild," and "formulated for sensitive skin." Plaintiff and the Class would not have purchased the Products, or would have paid significantly less for the Products, if they had known that the claims and advertising as described herein were false.

100.     Pursuant to Business & Professions Code sections 17203 and 17535, Plaintiff and the members of the Class seek an order of this Court enjoining Defendant from continuing to engage, use, or employ its practice of advertising the sale and use of the Products.  Likewise, Plaintiff and the members of the Class seek an order requiring Defendant to disclose such misrepresentations, and additionally request an order awarding Plaintiff restitution of the money wrongfully acquired by Defendant by means of responsibility attached to Defendant's failure to disclose the existence and significance of said misrepresentations in an amount to be determined at trial.

CLASS ACTION COMPLAINT

CLARKSON LAW FIRM, P.C.
9255 Sunset Blvd., Suite 804
Los Angeles, CA 90069

## COUNT FOUR

### Breach of Express Warranty

### (By Plaintiff against Defendant)

101.    Plaintiff repeats and realleges the all allegations of the previous paragraphs and incorporates the same as if set forth herein at length.

102.    Defendant expressly warrants that the Products are "gentle," "non-irritating," and "formulated for sensitive skin," as set forth above. Defendant's claims constitute an affirmation of fact, promise, and/or description of the goods that became part of the basis of the bargain and created an express warranty that the goods would conform to the stated promise. Plaintiff placed importance on Defendant's claims.

103.    All conditions precedent to Defendant's liability under this contract have been performed by Plaintiff and the Class.

104.    Defendant breached the terms of the contract, including the express warranties, with Plaintiff and the Class by not providing Products that conform to the advertising and label claims.

105.    As a result of Defendant's breach of contract, Plaintiff and the Class have been damaged in the amount to be determined at trial.

## COUNT FIVE

### Unjust Enrichment

### (By Plaintiff against Defendant)

106.    Plaintiff repeats and realleges the allegations set forth above and incorporates the same as if set forth herein at length.

107.    By means of Defendant's wrongful conduct alleged herein, Defendant knowingly sold the Products to Plaintiff and members of the Class in a manner that was unfair, unconscionable, and oppressive.

108.    Defendant knowingly received and retained wrongful benefits and funds

from Plaintiff and members of the Class. In so doing, Defendant acted with conscious disregard for the rights of Plaintiff and members of the Class.

109.    As a result of Defendant's wrongful conduct as alleged herein, Defendant has been unjustly enriched at the expense of, and to the detriment of, Plaintiff and members of the Class.

110.    Defendant's unjust enrichment is traceable to, and resulted directly and proximately from, the conduct alleged herein.

111.    Under the common law doctrine of unjust enrichment, it is inequitable for Defendant to be permitted to retain the benefits it received, without justification, from selling the Products to Plaintiff and members of the class in an unfair, unconscionable, and oppressive manner. Defendant's retention of such funds under such circumstances making it inequitable to retain the funds constitutes unjust enrichment.

112.    The financial benefits derived by Defendant rightfully belong to Plaintiff and members of the Class. Defendant should be compelled to return in a common fund for the benefit of Plaintiff and members of the Class all wrongful or inequitable proceeds received by Defendant.

113.    Plaintiff and members of the Class have no adequate remedy at law.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, on behalf of herself and on behalf of the Class defined herein, prays for judgment and relief on all Causes of Action as follows:

A.    An order enjoining Defendant from continuing to engage in the unlawful conduct and practices described herein;

B.    Restitution and/or disgorgement in an amount to be determined at trial;

C.    Damages against Defendant in an amount to be determined at trial, together with pre- and post-judgment interest at the maximum rate allowable by law on any amounts awarded;

D.    Punitive damages;

E.    Reasonable attorney fees and costs; and

F.    Granting such other and further relief as may be just and proper.

**<u>JURY TRIAL DEMANDED</u>**

Plaintiff demands a jury trial on all triable issues.

DATED: April 7, 2020                          **CLARKSON LAW FIRM, P.C.**

                                              /s/ Shireen M. Clarkson_____
                                              Shireen M. Clarkson, Esq.
                                              Ryan J. Clarkson, Esq.
                                              Matthew T. Theriault, Esq.
                                              Celine Cohan, Esq.

                                              *Attorneys for Plaintiff Avonlea Ware*